IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| TRACEY R. GODFREY, | ) | Cause No. CV 09-35-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY; ATTORNEY | ) | (Motions re: State's Default) |
| GENERAL OF THE STATE OF | ) | |
| MONTANA, | ) | |
| | ) | |
| Respondents. | ) | |

On March 16, 2009, Petitioner Godfrey filed this action under 28 U.S.C. § 2254. Godfrey is a state prisoner proceeding pro se and in forma pauperis.

On June 1, 2009, Godfrey was ordered to show cause why four of his claims should not be dismissed as procedurally defaulted. At the same time, Respondents were ordered to file an Answer to five of Godfrey's claims on or before July 15, 2009.

The Answer was not filed. On July 23, 2009, Godfrey filed a document titled

"Default Notice" in which he asked the Court "to find the State of Montana in 'default' due to its failure to Answer." Default Notice (doc. 13). The Clerk of Court erroneously docketed the Notice as a "motion for default judgment." That error generated several increasingly confusing motions, responses, and objections. To place the dispute over default on a procedural footing that accurately reflected the legal status quo, the issues, and the burdens of proof and persuasion, the Court issued two orders. Neither of them did much good.

In the first, Godfrey was given an opportunity to file a response to the State's submissions of July 28, 2009, which were more properly characterized as motions to set aside default. Order to Pet'r (doc. 17) at 2. Instead of filing a response, on August 3, 2009, Godfrey filed a document titled "Contemporaneous Objection." It could have been considered a response to a motion to set aside default, but it also could have crossed in the mail with the Court's Order of July 29. It was not clear whether Godfrey understood what he was entitled to do.

So, on August 12, 2009, the Court tried again. The Clerk was ordered to amend the docket to show that Godfrey's default notice was a notice and not a motion for default judgment, to enter the State's default as of July 23, 2009, when Godfrey noticed it, and to further amend the docket to recharacterize the State's July 28

submissions as motions to set aside default. Godfrey was given additional time to file a response to the recharacterized motions to set aside default. He was specifically advised that he "should present any evidence or argument he may have as to why the State's default should not be set aside." Order Setting Briefing Schedule (doc. 22) at 3 ¶ 3. On the same day, the State filed its Answer. Answer (doc. 23).

Instead of filing a response in compliance with the briefing schedule, Godfrey filed a motion for default judgment, a "Motion to Reject State's 2d or Successive Motion to Set Aside Default," and a motion for summary judgment, as well as an "Objection/Reply" to the State's notices that it did not intend to respond to Godfrey's motion practice.

Suffice it to say that Godfrey, at least, has been given ample opportunity to file a response. On the other hand, the State has not been able to file a reply in support of its own "motion," recharacterized as such, to set aside default.

The Federal Rules of Civil Procedure "may be applied" in habeas actions to the extent they are not inconsistent with the Rules Governing Section 2254 Cases or any applicable statutory provision. Rule 11, Section 2254 Rules; <u>Mayle v. Felix</u>, 545 U.S. 644, 654 (2005).

The State argues that Fed. R. Civ. P. 55, governing default and default

judgment, categorically does not apply in habeas actions. Resp. to Mot. for Default Judgment (doc. 15) at 3. But Gordon v. Duran, 895 F.2d 610, 612 (9th Cir. 1990), quoted in Resp. to Mot. at 3, cited Ruiz v. Cady, 660 F.2d 337, 341 (7th Cir. 1981), which held that a district court had discretion to enter default judgment if the State's failure to respond created excessive delay. One can imagine a situation where the petitioner's release would be the only appropriate remedy for a State's repeated failure to respond to a habeas petition. A categorical rejection of default judgment is not consistent – at least, not categorically – with the Section 2254 Rules or relevant statutes.

But, in this case, even if Rule 55 applies, the State's default should be set aside for good cause. Fed. R. Civ. P. 55(c). "The 'good cause' standard that governs vacating an entry of default under Rule 55(c) is the same standard that governs vacating a default judgment under Rule 60(b)." Franchise Holding II, L.L.C. v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925 (9th Cir. 2004). The Court must consider whether the conduct leading to the default was culpable, whether the State has a meritorious defense, and whether setting the default aside will prejudice Godfrey.

The State's conduct is culpable if it "received actual or constructive notice of

the filing of the action and *intentionally* failed to answer," that is, failed in a manner that is "willful, deliberate, or evidence of bad faith." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697 (9th Cir. 2001).

> Neglectful failure to answer as to which the defendant offers a credible, good faith explanation negating any intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process is not "intentional" under our default cases, and is therefore not necessarily – although it certainly may be, once the equitable factors are considered – culpable or inexcusable.

Id. at 697-98.

The Mattioli Affidavit and the promptness of the State's response to Godfrey's notice show that the State's conduct was merely neglectful, not intentional, manipulative, or indifferent. Mattioli Aff. at ¶¶ 5-7. Moreover, the State timely filed its Answer within the extended response time.

Potentially meritorious defenses to Godfrey's claims emerge from § 2254 itself. Not only must Godfrey meet its stringent standards, e.g., 28 U.S.C. § 2254(d), (e), but he must also show that any constitutional error had a "substantial and injurious effect or influence in determining the jury's verdict," Brecht v. Abrahamson, 507 U.S. 619, 637 (1993). "[A]n error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment." United States v. Frady, 456 U.S. 152, 165 (1982). In light of the opinions of the Montana Supreme Court, Godfrey's

petition does not contain a claim as to which a meritorious defense can be considered unlikely.

Finally, while Godfrey certainly has an interest in a prompt disposition of his claims, he has not shown any prejudice as a result of the State's 28-day delay in filing the Answer. He asserts that the Court would show "preferential treatment and favoritism in the State's benefit" by setting aside the default. He adds, "Heaven knows if the shoe was on the other foot the State would demand Godfrey's claims be dismissed and the Court would comply as a matter of law." Contemporaneous Objection (doc. 18) at 2. But all cases, habeas or otherwise, are subject to dismissal if the filing party fails to comply with the statute of limitations. It does not matter who the filing party is. E.g., United States v. Fuchs, 218 F.3d 957, 961-63 (9th Cir. 2000). And all defaults for failure to answer, whether made by government entities, corporations, or individuals, are viewed with disfavor. This is not preferential treatment or favoritism to anyone. It is the law. Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006) ("Default judgments are disfavored and appropriate only in unique circumstances.").

The State's default should be set aside. Godfrey's motions for default judgment and summary judgment, as well as his "Motion to Reject State's 2d or

Successive Motion to Set Aside Default," consist only of arguments in favor of default judgment. They should be denied.

Because no reasonable jurist would find a realistic possibility that default judgment would be appropriate, a certificate of appealability should be denied on this issue.

Based on the foregoing, the Court enters the following:

**RECOMMENDATION**

1. The State's motions to set aside default (docs. 15, 16) should be GRANTED.

2. Godfrey's motions for default judgment, rejection of "second or successive" motion, and summary judgment (docs. 24, 25, 31) should be DENIED.

3. A certificate of appealability should be DENIED on the issues of default and default judgment.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will

make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

<u>Godfrey must immediately inform the Court and the State's counsel of any change in his mailing address</u>. Failure to do so may result in dismissal of his case without notice to him.

DATED this  24th  day of November, 2009.

                                       /s/ Jeremiah C. Lynch
                                       Jeremiah C. Lynch
                                       United States Magistrate Judge