IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| TRACEY R. GODFREY, | Cause No. CV 09-35-M-DWM-JCL |
|---|---|
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY; ATTORNEY GENERAL OF THE STATE OF MONTANA, | (Procedural Default of Claims B1, D1, F, and G) |
| Respondents. | |

On March 16, 2009, Petitioner Godfrey filed this action under 28 U.S.C. § 2254. Godfrey is a state prisoner proceeding pro se and in forma pauperis.

On June 1, 2009, Godfrey was ordered to show cause why four of his claims should not be dismissed as procedurally defaulted. At the same time, Respondents were ordered to file an Answer to five of Godfrey's claims. Only Godfrey's response

to the order to show cause is dealt with here.

**I. Procedural History in State Court**

On November 15, 1999, Godfrey was charged in Montana's Twenty-Second Judicial District Court, Ravalli County, with two counts of sexual assault against his niece, K.M., who was eight years old at the time of the charged offenses. Count 1 was alleged to have occurred in the summer of 1999, Count 2 in October 1999. Count 2 was later amended to add a charge of attempted sexual intercourse without consent. Pet. (doc. 4) at 2 ¶ 1; State Ex. C1 at 5.[1]

Trial commenced on April 24, 2000. Deliberations began on April 25 and continued on the 26th. The jury sent out eleven inquiries, mostly for highly specific segments of transcribed testimony. The trial court met with counsel six times to address these questions. The jury acquitted Godfrey on Count 1 and on the attempted rape charge in Count 2 but convicted of the alternative charge of sexual assault in Count 2. Pet. at 2 ¶ 3; State v. Godfrey, 95 P.3d 166, 170 ¶ 20 (Mont. 2004) ("Godfrey I"); Godfrey v. State, 203 P.3d 834, 838 ¶ 23 (Mont. 2009) ("Godfrey II").

On July 24, 2000, Godfrey was sentenced to serve thirty years on Count 2, ten consecutive years as a persistent felony offender, and one year on an unrelated DUI

---

[1] Page numbers are CM-ECF page numbers. CM-ECF numbers each document sequentially; the cover page is always page one. The State's exhibits are attached to its Answer (doc. 23).

revocation, for a total of forty-one years. On November 29, 2000, the Sentence Review Division of the Montana Supreme Court amended Godfrey's sentence to sixty years, with thirty years suspended. Godfrey I, 95 P.3d at 170 ¶ 21; State Ex. C1 at 6.

Godfrey appealed, represented by new counsel. He alleged a violation of his rights under Miranda v. Arizona, 384 U.S. 436 (1966), and Doyle v. Ohio, 426 U.S. 610 (1976). On July 28, 2004, the Montana Supreme Court affirmed Godfrey's conviction. Godfrey I, 95 P.3d at 174 ¶ 40.

On September 9, 2004, Godfrey filed a pro se petition for postconviction relief in the trial court. State Exs. E1 & E2. He alleged that the prosecution failed to disclose exculpatory evidence, viz., a pretrial interview about the October 2 incident in which the victim, K.M., stated, "I probably was wrong"; that McLaverty was ineffective and violated his rights under the Confrontation Clause by failing to ask K.M. the same questions that elicited the pretrial recantation; that McLaverty was ineffective for failing to object under Miranda to the prosecution's cross-examination and closing argument as to the timeliness of his explanation; that he was deprived of his right to be present at crucial stages of the proceeding when he was not included in the conferences regarding jury questions; and that he was denied counsel at his resentencing. He also moved for an evidentiary hearing, discovery, and an order

directing the prosecution to disclose its notes from K.M.'s pretrial interview. The trial court denied his motions and dismissed the petition. Godfrey II, 203 P.3d at 836 ¶ 8.

On postconviction appeal, represented by counsel, Godfrey reasserted his first four claims and contended that appellate counsel was ineffective for failing to raise a claim that the jury did not "meaningfully pay attention to the parties' presentation of the evidence." Id. at 835 ¶¶ 2-6.

The Montana Supreme Court declined to hear Godfrey's first two claims because Godfrey's petition and attached exhibits, while proving that the pretrial interview occurred, did not prove that K.M. said "I probably was wrong." Id. at 837 ¶ 17 (citing Mont. Code Ann. § 46-21-104(1)(c)). The Montana Supreme Court also declined to hear Godfrey's claim of ineffective assistance of appellate counsel on the grounds that Godfrey did not raise that claim in his petition to the trial court. Id. at 841-42 ¶ 42. The other claims were denied on the merits. Id.. at 837-41 ¶¶ 18-38. On March 3, 2009, the Montana Supreme Court affirmed the trial court's denial of postconviction relief.

Godfrey, acting pro se, timely submitted a petition for rehearing. The petition was not filed because he was represented by counsel. Am. to Pet. Attachment (doc.

8 #1) at 1.

Godfrey timely filed his federal petition on March 16, 2009. 28 U.S.C. § 2244(d)(1)(A), (2).

## II. Godfrey's Allegations

Godfrey's claims have been reorganized and relabeled to group similar claims together. Only four are at issue here. Claim B1 alleges that the jury was inattentive. Pet. (doc. 4) at 5 ¶ 15C. Claim D1 asserts that trial counsel was ineffective for failing to provide an alternative explanation of Godfrey's actions. Id. at 7 ¶ 15F. Claim F asserts that his resentencing was invalid because it was conducted without counsel. Id. at 8 ¶ 15H. Claim G alleges that the trial judge abused his discretion by denying Godfrey's motions in postconviction proceedings. Id. at 9 ¶ 15I.

## III. Analysis

"Before a federal court may consider the merits of a state prisoner's petition for a writ of habeas corpus, the prisoner generally must first exhaust his available state court remedies." Smith v. Baldwin, 510 F.3d 1127, 1137-38 (9th Cir. 2007) (en banc); 28 U.S.C. § 2254(b)(1)(A), (c); Rose v. Lundy, 455 U.S. 509, 522 (1982). The exhaustion requirement is grounded in principles of comity. It avoids the "unseemliness" of a federal court's overturning of a state conviction or decision and

reflects a desire to protect the state courts' role in the development of federal law. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); see also Sarei v. Rio Tinto, PLC, 550 F.3d 822, 828-29 (9th Cir. 2008) (en banc) (describing all federal common-law exhaustion doctrines as originating in habeas corpus to prevent "unnecessary conflict between federal and state courts").

### A. Claims B1, D1, F, and G Are Procedurally Defaulted

To meet the exhaustion requirement, a petitioner must present his claims "to the highest state court available" and must "describe in the state proceedings both the operative facts and the federal legal theory on which his claim is based." Davis v. Silva, 511 F.3d 1005, 1008-09 (9th Cir. 2008); see also Gray v. Netherland, 518 U.S. 152, 162-63 (1996) ("for purposes of exhausting state remedies, a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief.").

The issue of procedural default may be raised in a court's preliminary screening "when the default is obvious from the face of the petition and when recognizing the default would 'further the interests of comity, federalism, and judicial efficiency.'" Vang v. State of Nevada, 329 F.3d 1069, 1073 (9th Cir. 2003) (quoting Boyd v. Thompson, 147 F.3d 1124, 1128 (9th Cir. 1998)).

Godfrey states that he presented Claims B1, D1, F, and G to the Montana Supreme Court in his postconviction appeal, No. DA 06-0064. Pet. at 3 ¶ 12, 5 ¶ 15C(3), 7 ¶ 15F(2), 8-9 ¶ 15H(3), 10 ¶ 15I(3). He did not. Godfrey's postconviction appeal presented Claim B2 – that is, whether appellate counsel was ineffective for failing to challenge the jury's attentiveness – but not Claim B1 that the jury was inattentive. Godfrey II, 203 P.3d at 835 ¶ 6. Claim D1 also was not raised on postconviction appeal. Id. ¶¶ 3-6. It may have been included in Godfrey's pro se petition for rehearing, but the petition was not filed because Godfrey was represented by counsel. Claim F was mentioned in Godfrey II, but only as an issue raised in the postconviction petition in the trial court, not as an issue on postconviction appeal. 203 P.3d at 836 ¶ 8; "Note," Pet. at 9 ¶ 15H(3). And, as to both Claims F and G, Godfrey says that both appellate and postconviction counsel refused to raise the issue. Pet. at 9 ¶ 15H(5), 10 ¶ 15I(5).² Procedural default of these claims is clear on the face of the petition.

Godfrey cannot now return to state court to exhaust these claims. The one-year

---

² Godfrey also states, "It is my understanding that the Montana Supreme Court is required to consider all issues raised by the defendant/petitioner in his postconviction pleading if valid." Pet. at 9 ¶ 15H(5). That is not the case. The petition presents issues to the trial court. On appeal, the briefs present the issues. If a claim is not raised and briefed on appeal, it is not considered. Mont. R. App. P. 12(1)(a), (f); State v. Humphrey, 194 P.3d 643, 646 ¶ 12 (Mont. 2008).

state postconviction statute of limitations has expired. Mont. Code Ann. § 46-21-102(1) (1997); State v. Root, 64 P.3d 1035, 1037-38 ¶ 16 (Mont. 2003) (applying limitations period to both first and successive petitions). Because Claims B1, D1, F, and G were not and cannot be presented to the Montana Supreme Court, they are technically exhausted but procedurally defaulted. O'Sullivan v. Boerckel, 526 U.S. 838, 848 (1998); Coleman v. Thompson, 501 U.S. 722, 732, 735 n.1 (1991); Smith, 510 F.3d at 1138.

**B. Excuse for Procedural Default**

Generally, procedural default precludes habeas review on the merits in federal court. Smith, 510 F.3d at 1139 (quoting Williams v. Stewart, 441 F.3d 1030, 1061 (9th Cir. 2006) (per curiam)). However, a federal court may consider defaulted claims if "the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750. Accordingly, Godfrey was given an opportunity to show either cause and prejudice or a fundamental miscarriage of justice.

Godfrey asserts that his constitutional rights are at stake, so a procedural ruling is inappropriate:

> David Avery's refusal to address/pursue [these issues] at the Supreme Court level . . . clearly is an external objective factor that can not fairly be attributed to me, Godfrey. . . .
>
> If my ignorance/inability or David Avery's refusal to proceed as instructed by Godfrey ('raise all issues') is to be proffered as cause and is required to have been presented to the state courts <u>Edwards v. Carpenter</u> then this U.S. Fed. Dist. Court is mandating impossible loop holes for this defendant to jump through in order to have his valid issues considered.

Resp. to Show Cause Order (doc. 12) at 3, 6.

The logic is not entirely lost on the Court, but Congress and higher courts than this one do the mandating. This Court follows the law as it is.

"So long as a defendant is represented by counsel whose performance is not constitutionally ineffective . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default." <u>Murray v. Carrier</u>, 477 U.S. 478, 488 (1986); <u>see also</u> <u>Edwards v. Carpenter</u>, 529 U.S. 446, 451 (2000). Postconviction counsel cannot be constitutionally ineffective because the Constitution does not guarantee the assistance of counsel in postconviction proceedings. <u>Pennsylvania v. Finley</u>, 481 U.S. 551, 555 (1987). Therefore, Avery's acts and decisions are binding on Godfrey. Ignorance of legal rights or arguments – whether the ignorance was Avery's or Godfrey's – is not cause for procedural default. <u>Correll v. Stewart</u>, 137 F.3d 1404, 1416 (9th Cir. 1998); <u>Tacho v. Martinez</u>, 862 F.2d

1376, 1381 (9th Cir. 1977). That constitutional rights may be forfeited as a result of failing to raise them at the right time and in the right way is so clear as to be almost beyond citation. Correll, for example, was a death penalty case, and the Ninth Circuit Court of Appeals did not hear a challenge to the constitutionality of his sentence because Correll did not raise the challenge in the proper manner.

As an alternative to showing both cause and prejudice, the "fundamental miscarriage of justice" exception requires a petitioner to show that "it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" if the errors of which he complains had not been committed. Schlup v. Delo, 513 U.S. 298, 327 (1995). Claims F and G have no bearing on guilt or innocence. Godfrey's claim that the jury was "inattentive," even if true, does not show that no reasonable juror could have convicted him. Finally, in Claim D1, Godfrey asserts that McLaverty was ineffective because he failed to pursue any alternative explanation for what felt "sticky" to K.M. He suggests it might have been his hand, her night pants, or the television remote control. The jury knew that K.M. was wearing her night pants and could have deduced for itself that they were what felt "sticky." The remote control for the television, Pet. at 7 ¶ 15F(1), is not so compelling a possibility as to make it impossible for the jury to find Godfrey guilty of sexual assault beyond a

reasonable doubt. Most importantly, Godfrey himself testified that he "felt between [the victim's] legs" to see if she had wet herself. The jury knew he used his hand, and it did not believe his explanation. Nothing in Claim D1 meets the "fundamental miscarriage of justice" exception, and nothing in the other claims is relevant.

Godfrey defaulted Claims B1, D1, F, and G by failing to raise them in state court. He has not excused his default. Those claims should be dismissed with prejudice.

## IV. Certificate of Appealability

### A. Governing Law

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c); Hohn v. United States, 524 U.S. 236 (1998); Lambright v. Stewart, 220 F.3d 1022, 1024 (9th Cir. 2000). Godfrey "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Slack v. McDaniel, 529 U.S. 473, 484 (2000), or that "the questions are 'adequate to deserve encouragement to proceed further,'" Lozada v. Deeds, 498 U.S. 430, 432 (1991) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

### B. Discussion

Claims B1, D1, F, and G were not raised in the Montana Supreme Court. It is too late for Godfrey to exhaust those claims now. They are technically exhausted but procedurally defaulted under Smith v. Baldwin, 510 F.3d 1127, 1137-38 (9th Cir. 2007) (en banc).

Godfrey argues that he raises constitutional issues and that he cannot be held responsible for his counsel's failure to properly exhaust his federal claims. Neither of those statements constitutes cause sufficient to excuse procedural default. As for actual innocence, Godfrey testified that he "felt between [the victim's] legs," but he explained that he was only trying to determine if she had wet herself. The jury did not believe his explanation, and none of the claims he defaulted would have tended to make it more likely to be true. There is no reason to encourage further proceedings on these claims. A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

1. Claims B1, D1, F, and G should be DISMISSED WITH PREJUDICE as procedurally defaulted without excuse.

2. A certificate of appealability should be DENIED as to these claims.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS &

# RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

<u>Godfrey must immediately inform the Court and the State's counsel of any change in his mailing address</u>. Failure to do so may result in dismissal of his case without notice to him.

DATED this <u>24th</u> day of November, 2009.

        /s/ Jeremiah C. Lynch
        Jeremiah C. Lynch
        United States Magistrate Judge