

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| TRACEY R. GODFREY, | ) | CV 09-35-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| MIKE MAHONEY; ATTORNEY GENERAL OF THE STATE OF MONTANA, | ) ) ) | |
| | ) | |
| Respondents. | ) ) | |

Petitioner Godfrey brought this action pursuant to 28 U.S.C. § 2254.

Magistrate Judge Lynch ordered Petitioner to show cause why four of his

claims–B1, D1, F, and G[1]–should not be dismissed as procedurally defaulted.

---

[1] "Claim B1 alleges that the jury was inattentive. Claim D1 asserts that trial counsel was ineffective for failing to provide an alternative explanation of Godfrey's actions. Claim F asserts that his resentencing was invalid because it was conducted without counsel. Claim G alleges that the trial judge abused his discretion by denying Godfrey's motions in postconviction proceedings." Findings and Recommendation of U.S. Magistrate Judge (Procedural Default of

Judge Lynch entered Findings and Recommendation on November 24, 2009, recommending that the four claims be dismissed because they were not raised in state court, and Petitioner failed to excuse the default. Petitioner timely objected to the Findings and Recommendation on December 4, 2009, and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Despite Petitioner's objections, I agree with Judge Lynch's analysis and conclusions. Because the parties are familiar with the factual and procedural background, it will not be restated here.

Petitioner argued that the four claims should not be defaulted because his constitutional rights are at stake. Judge Lynch found that constitutional rights may be forfeited if they are not raised at the right time and in the right way, see Correll v. Stewart, 137 F.3d 1404 (9th Cir. 1998), and that any shortcomings of his attorney in postconviction proceedings, see Pennsylvania v. Finley, 481 U.S. 551 (1987), or ignorance of legal rights or arguments do not excuse a procedural default. Correll, 137 F.3d at 1416. Judge Lynch also found that none of

---

Claims B1, D1, F, and G) 5, Nov. 24, 2009 (internal citations omitted).

Petitioner's claims, even if true, would show that "no reasonable juror would have found [him] guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995).

Petitioner objects, without citation or support, that his constitutional rights cannot be defaulted in a habeas action. This objection merely restates Petitioner's argument to Judge Lynch, and fails to object to Judge Lynch's citations to the contrary. I agree with Judge Lynch.

Petitioner also objects to Judge Lynch's recommendation that no certificate of appealability should be issued. Petitioner argues that the Ninth Circuit Court of Appeals has authority over his claims. While that is true, that does not mean a certificate of appealability should be issued, or that Judge Lynch's recommendation is wrong. I agree with Judge Lynch: there is no reason to encourage further proceedings on these claims.

I find no clear error in Judge Lynch's remaining findings and recommendations.

Accordingly,

IT IS HEREBY ORDERED that the Findings and Recommendation (dkt # 37) are adopted in full.

IT IS FURTHER ORDERED that Claims B1, D1, F, and G are

DISMISSED WITH PREJUDICE as procedurally defaulted without excuse.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated this ____ day of January, 2010.

Donald W. Molloy, District Judge
United States District Court