

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| TRACEY R. GODFREY, | ) | CV 09-35-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| v. | ) | ORDER |
| | ) | |
| MIKE MAHONEY; ATTORNEY GENERAL OF THE STATE OF MONTANA, | ) ) ) | |
| | ) | |
| Respondents. | ) ) | |

Petitioner Godfrey brought this action pursuant to 28 U.S.C. § 2254. Magistrate Judge Lynch ordered Respondents ("the State") to provide an answer to five of Godfrey's claims before July 15, 2009. When the State failed to do so, default was entered on July 23, 2009. The State then moved to set aside the default, and the Petitioner moved for default judgment.

1

On November 24, 2009, Judge Lynch entered Findings and Recommendation on the motions, recommending that the State's default be set aside. Petitioner timely objected to the Findings and Recommendation on December 4, 2009, and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Despite Petitioner's objections, I agree with Judge Lynch's analysis and conclusions. Because the parties are familiar with the factual and procedural background, it will not be restated here.

I

The State argued that Rule 55 of the Fed. R. Civ. P. does not control if a default in a habeas action should be set aside. Instead, the State argued the Court should set aside the default so long as its failure to respond did not create excessive delay. Judge Lynch did not apply the State's suggested more discretionary standard because he found "good cause" to set aside the default under Rule 55 was present. In finding good cause, Judge Lynch noted the State's failure to respond was not willful, the State likely had a meritorious defense, and Petitioner failed to identify any prejudice as a result of the State's 28-day delay in

2

filing its answer.

## II

Petitioner argues that the default should not be set aside. In doing so, he makes three specific objections.

### a.

First, Petitioner objects that Judge Lynch is treating him unfairly because he has not been afforded such allowances when he has procedurally defaulted. Judge Lynch addressed this issue already. Failure to meet the exhaustion requirement or comply with statute of limitations is different than a default due to a failure to answer. I agree.

### b.

Next, Petitioner objects that under the Local Rules Judge Lynch should have considered Petitioner's motions as well taken in light of the State's failure to answer. While a failure to respond is treated as a sign that a motion is well taken, this local rule does not overpower Rule 55 of the Fed. R. Civ P. or Ninth Circuit law that "[d]efault judgments are disfavored and appropriate only in unique circumstances." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006).

### c.

Finally, Petitioner objects that the State's failure to answer is not due to excusable neglect, and therefore good cause to set aside the default does not exist. Petitioner ignores, however, that under Ninth Circuit law the party seeking to set aside a default need only show that it did not "intentionally" fail to answer. TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 697-98 (9th Cir. 2001). As Judge Lynch found, and I agree, the State's conduct was merely neglectful, not intentional, manipulative or indifferent.

I find no clear error in Judge Lynch's remaining findings and recommendations.

### III

In accordance with the foregoing,

IT IS HEREBY ORDERED that the Findings and Recommendation (dkt # 36) are adopted in full;

IT IS FURTHER ORDERED that the State's motions to set aside default (dkt ##15, 16) are GRANTED.

In addition, IT IS ORDERED that Petitioner Godfrey's motions for default judgment, rejection of "second or successive" motion, and summary judgment (dkt ##24, 25, 31) are DENIED.

Finally, IT IS ORDERED that a certificate of appealability is DENIED.

Dated this 8th day of January, 2010.

/s/ Donald W. Molloy
Donald W. Molloy, District Judge
United States District Court

5