
FILED
JAN 08 2010
PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| TRACEY R. GODFREY, | CV 09-35-M-DWM-JCL |
| Petitioner, | |
| v. | ORDER |
| MIKE MAHONEY; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

Petitioner Godfrey brought this action pursuant to 28 U.S.C. § 2254. The petition has eleven claims, of which four were found to be procedurally defaulted. (See Findings and Recommendation of U.S. Magistrate Judge (Procedural Default of Claims B1, D1, F, and G), Nov. 24, 2009.) On November 24, 2009, Magistrate Judge Lynch entered Findings and Recommendations that recommended dismissing the seven non-defaulted claims. Petitioner timely objected to the

Findings and Recommendation on December, 4 2009, and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the Findings and Recommendation not specifically objected to will be reviewed for clear error. McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc., 656 F.2d 1309, 1313 (9th Cir. 1981). Despite Petitioner's objections, I agree with Judge Lynch's analysis and conclusions. Because the parties are familiar with the factual and procedural background, it will not be restated here.

Petitioner objects to Judge Lynch's findings and conclusion to dismiss (1) his claim of ineffective assistance of counsel based on his trial counsel failing to ask a question at trial, (2) his claim that his right to remain silent was violated, and (3) his claim that he was denied the right of self-representation. Each objection is discussed in turn.

## OBJECTIONS

1. Ineffective Assistance of Counsel

Petitioner alleges that K.M. was asked at a pre-trial interview if she could be mistaken about what happened and that she replied, "I could be wrong." Petitioner claims that he suffered ineffective assistance of counsel because his lawyer did not ask K.M. about this alleged exchange. Judge Lynch disagreed, and

found that Petitioner suffered no prejudice by counsel failing to ask the question. In doing so, Judge Lynch noted that to be found guilty of sexual assault the jury had to find that he had sexual contact with the victim for the purpose of sexual gratification. Judge Lynch then went on to show that even if counsel asked K.M. the question that the State's case-in-chief showed that Petitioner touched K.M.'s genital or anal area. The question–are you sure about what happened–might have influenced the jury on the issue of whether Petitioner touched K.M. with his penis or hand, but not whether he touched her. As to intent, Petitioner testified that he touched her "in attendance of her hygiene," and not for sexual gratification. (Pet'r's Objection 2, Dec. 4, 2009.) The jury rejected his verison of what he intended, and found him guilty of sexual assault.

Petitioner objects that Judge Lynch misrepresented his claim and the facts in such a way as to arrive at the conclusion that there was no prejudice. Specifically, Petitioner objects that he never admitted to sexually touching the victim, but instead only touching her two inches below her crotch. This objection is inconsequential. Judge Lynch's finding was not based on Petitioner admitting he sexually touched K.M. Judge lynch noted all the evidence–not counting Petitioner's testimony about touching her in "attendance of her hygiene"–that showed there was sexual contact.

-3-

I agree with Judge Lynch's analysis, and find Petitioner is not entitled to relief or an evidentiary hearing to determine if K.M. said what he contends she said because even if she had and counsel asked her about it on the stand, there is no reason to believe the trial would have turned out differently.

2. Fifth Amendment Violation

Petitioner alleges that because the prosecutor commented at trial on Petitioner's pretrial silence that he suffered a Fifth Amendment violation. Judge Lynch found that there is no evidence in the record that Petitioner exercised his right to remain silent or that the prosecutor referenced Petitioner's silence after being given such a right. Additionally, Petitioner waived his Fifth Amendment privilege by choosing to testify. Accordingly, Judge Lynch concluded that Petitioner suffered no Fifth Amendment violation.

Petitioner objects that his right against self-incrimination prevents the disclosure of his non-post <u>Miranda</u> pre-trial silence. This proposition, however, flies in the face of Supreme Court precedent to the contrary. <u>See,e.g.</u>, <u>Jenkins v. Anderson</u>, 447 U.S. 231 (1980).

3. Right to Self-Representation

Petitioner alleges that he was denied the right to self-representation because he was not present at in-chambers conferences while the jury was deliberating,

only his counsel was present. Judge Lynch noted there is no right to self-representation by someone represented by counsel who has not unequivocally asserted the right. Judge Lynch then noted that there is no federal right to be present during chamber conferences about questions from the jury, unless the defendant's presence would contribute to the fairness of the procedure. See Kentucky v. Stincer, 482 U.S. 730, 745 (1987).

Petitioner objects that his presence at in-chambers conferences was necessary because only then would he have "knowledge of exactly what took place" and if any of "his rights were being violated." (Pet'r's Objection 3.) This blanket objection is applicable to all stages of a criminal procedure. To find this objection meritorious would thus contravene Stincer because it would give every defendant a right to be present at every critical stage of the proceeding, something Stincer does not provide. Petitioner's failure to identify how his presence–in addition to his counsel–was necessary to the fairness of the proceeding is fatal to his claim.

I find no clear error in Judge Lynch's remaining findings and recommendations.

## CONCLUSION

Based on the foregoing,

IT IS HEREBY ORDERED that the Findings and Recommendation (dkt # 38) are adopted in full. Claims A1, A2, B2, C1, D2, E1, and E2, as identified in the Findings and Recommendation, are DENIED on the merits.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to enter, by separate document, a judgment in favor of Respondents and against Petitioner Godfrey on all claims.

Dated this 6th day of January, 2010.

Donald W. Molloy, District Judge
United States District Court